UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
            v.           )        Criminal No. 02-30043-MAP
                         )
(1) ALEKSEI SAFANOV,     )
(2) IVAN TELEGUZ,        )
(3) ROMAN ZHIRNOV,       )
(4) ANDREY BUYNOVSKIY,   )
(5) MICHAEL QUICKEL,     )
            Defendants.  )

PARTIES' JOINT MEMORANDUM
PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Michael J. Sullivan, United
States Attorney for the District of Massachusetts, and counsel
for the defendants, hereby file their joint memorandum pursuant
to Local Rule 116.5(A):

1.    Relief has been granted from the otherwise applicable
timing requirements imposed by L.R. 116.3 so that the parties
could engage in additional discovery.  On behalf of Ivan Teleguz,
David Wenc, Esq., has requested expert disclosure, Mr. Teleguz's
criminal record and a photo array.  The government will provide
these items to Mr. Wenc within one week.  On behalf of Aleksei
Safanov, Alan Black, Esq., has requested a broad range of
discovery.  The government will respond to Mr. Black's letter,
dated June 21, 2004, within one week.

The major issue relating to completing discovery is the
transcription of numerous tape recordings made during the course
of the investigation of this case.  Defense counsel will notify
the Court at the status conference today as to whether they need
additional time to have the tapes transcribed.

2.    Other than Mr. Wenc and Mr. Black for Mr. Teleguz and Mr. Safanov, the remaining three defendants have not sought discovery concerning expert witnesses under Fed. R. Crim. P. 16(a)(1)(E).  The government and the defendants agree to confer and attempt to agree to provide appropriate expert discovery.

3.    Both the government and the defense agree to confer with respect to discovery issues should either side receive additional information, documents, or reports of examinations or tests.  Within the last three weeks the government was made aware of certain information related to cooperating witness Carlos Ortiz.  At this time, the government does not believe that this information is discoverable in this case.  Nonetheless, the government intends to review this information within the next two weeks and make any additional disclosures related to Ortiz as may be required.

4.    The defendants will inform the Court at the status conference today as to whether they wish to file motions and whether it is appropriate to establish a motion schedule under Fed. R. Crim. P. 12(c) at this time.

5.    Due to the amount of discovery in this case, including many tape recordings, and the need for the defendants to review the discovery and consider their legal options, the defense and the government agree that all of the time from the date of the return of the second superseding indictment until the date of the next status conference should be excluded under the Speedy Trial Act.

6.    The parties do not know whether a trial will be necessary.  A trial should take one week.

7.    A final status conference should not be scheduled.  An interim status conference should be scheduled prior to July 22, 2004.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

by:    _____
Kevin O'Regan
Assistant U.S. Attorney


_____
Alan Black, Esq.
Counsel for Alexei Safonov


_____
David Wenc, Esq.
Counsel for Ivan Teleguz


_____
Charles J. Sclafani, Jr., Esq.
Counsel for Roman Zhirnov


_____
Joseph D. Bernard, Esq.
Counsel for Andrey Buynovskiy


_____
Richard J. Maggi, Esq.
Counsel for Michael Quickel


Date: June 28, 2004