**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,            CRIM. NO.  02-030043-MAP

    Plaintiff,

vs.

IVAN TELEGUZ,

    Defendant.                           December 6, 2004

<u>MOTION TO DISMISS THE INDICTMENT</u>
<u>WITH POINTS & AUTHORITIES</u>

NOW COMES, the defendant, IVAN TELEGUZ, by and through his attorney, David J. Wenc, and moves this Honorable Court to dismiss Counts Four, Five and Six of the Second Superseding Indictment because Congress cannot, under its Commerce Clause power, prohibit the mere possession of a firearm with an obliterated serial number.

In <u>United States v. Stewart</u>, 348 F.3d 1132 (9th Cir. 2003), the court concluded that possession of a homemade machine gun did not fall within federal jurisdiction under 18 U.S.C. Section 922(o).  The <u>Stewart</u> court found insufficient use of the channels of commerce simply because certain gun parts were from out-of-state, and found further that the defendant's conduct did not have a substantial effect on commerce.  Accordingly, the court found jurisdiction lacking under Section 922(o) because there was no meaningful connection to interstate commerce.

1

The same logic should apply to 18 U.S.C. Section 922(k) because the same theories of jurisdiction are used. Under Stewart, possession of a firearm is not an economic activity. "Possession of a machine gun, without more, is not economic in nature." See, Stewart at 1137. Moreover, a trivial connection to commerce is not sufficient for jurisdiction. "At some level, of course, everything we own is composed of something that once traveled in commerce. This cannot mean that everything is subject to regulation under the Commerce Clause, else that constitutional limitation would be entirely meaningless." See, Stewart at 1135.

The Stewart decision also emphasizes that the applicable statute must be part of an economic regulatory scheme in order for the government to rely on a "substantial effects" theory of prosecution. "There is no evidence that section 922(o) was enacted to regulate commercial aspects of the machine gun business. More likely, section 922(o) was intended to keep machine guns out of the hands of criminals—an admirable goal, but not a commercial one." See, Stewart at 1137.

In the case at bar, the government represented that TELEGUZ on August 25, 2002, August 30, 2002 and October 3,

2

2002 possessed or received one or more firearms with obliterated serial numbers.

The government did not articulate the relationship of the subject firearms to interstate commerce. Without any proffer by the government that the subject firearms were to be sold or transferred, evidence of a link between the prohibited activity and the effect on interstate commerce was attenuated at best.

WHEREFORE, the defendant, IVAN TELEGUZ, prays that this motion be granted.

                                                                RESPECTFULLY SUBMITTED,
                                                                 DEFENDANT, IVAN TELEGUZ,

                                           By:_____
                                              David J. Wenc, His Attorney
                                              WENC LAW OFFICES
                                              44 Main Street
                                              P.O. Box 306
                                              Windsor Locks, CT 06096
                                              860-623-1195
                                              BBO #549400

CERTIFICATION

    I hereby certify that on December 6, 2004 I served copy of the foregoing Motion by U.S. mail, first-class postage prepaid, to:

Assistant U.S. Attorney Kevin O'Regan
Federal Building & Courthouse
1550 Main Street
Springfield, MA  01103

                                          _____
                                          David J. Wenc, Esq.

Case 3:02-cr-30043-MAP   Document 105   Filed 12/05/2004   Page 6 of 6