**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,           CRIM. NO.  02-030043-MAP

    Plaintiff,

vs.

IVAN TELEGUZ,

    Defendant.                December 6, 2004

### MOTION FOR SEVERANCE BY DEFENDANT, IVAN TELEGUZ WITH POINTS & AUTHORITIES

NOW COMES the Defendant, IVAN TELEGUZ, by and through his attorney, David J. Wenc, and moves this Honorable Court, pursuant to Rules 8 and 14 of Fed.R.Crim.P. to sever and grant him a separate trial for the following reason(s):

1. The defendant is charged with Conspiracy to Deal Firearms Without A License in violation of 18 U.S.C. Sections 371 and 922(a)(1)(A); Conspiracy to Possess Firearms With Obliterated Serial Numbers in violation of 18 U.S.C. Sections 371 and 922(k); Possession of firearms With Obliterated Serial Numbers and Aiding and Abetting in violation of 18 U.S.C. Sections 922(k) and 2.

2. The defendant is joined with a multitude of defendants in the Second Superseding Indictment. However the offenses charged in the indictment are dissimilar and/or are not part of the same act or transaction and/or part of a common scheme or

plan.

    3. Joinder of the above-mentioned offenses violates Rule 8(a), which permits two or more offenses to be charged in the same indictment in a separate count for each offense, if the offenses are "of the same or similar character or are based on the same act or transaction or are two or more acts of transactions connected or constituting parts of a common scheme or plan."

    (a) Joinder of the multiple defendants named in the indictment violates Rule 8(b), because the offenses did not arise out of the same act, transaction or common scheme or plan.

    4. Additionally, the defendant asserts that even if joinder is proper under Rule 8, then the Court should exercise its discretion pursuant to Rule 14 and sever the counts requested above as well as grant the defendant a separate trial from the other defendants as the joinder is prejudicial.

    5. The defendant asserts that the joinder is prejudicial because:

    (a) The jury may use the evidence from one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the crime or crimes charged;

    (b) The jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it

would not do so;

    (c) The prejudice from the joinder of defendants outweighs the interests of judicial economy and efficiency in that the jury will not be able to segregate evidence applicable to each defendant and follow in limine instructions as they apply to each defendant;

    (d) The prejudice from the joinder of defendants will be so great that this defendant's right to a fair trial will be effectively denied. See, <u>United States v. Casamento</u>, 887 F.2d 1141, 1151 (2d Cir. 1989), cert. denied, 110 S.Ct. 1138 (1990);

    (e) The prejudice from the assertion of antagonistic defenses between defendants; and

    (f) The prejudice from the joinder of defendants will result from the trying of unconnected offenses when there are multiple defendants and there may develop a "Bruton" prejudice if a co-defendant's confession implicates the defendant. See, <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

WHEREFORE, defendant, IVAN TELEGUZ, requests that this motion be granted.

                RESPECTFULLY SUBMITTED,

                DEFENDANT, IVAN TELEGUZ,

By: _____
    David J. Wenc, His Attorney
    WENC LAW OFFICES
    44 Main Street
    P.O. Box 306
    Windsor Locks, CT 06096
    860-623-1195
    BBO #549400

**CERTIFICATION**

I hereby certify that on December 6, 2004 I served copy of the foregoing Motion by U.S. mail, first-class postage prepaid, to:

Assistant U.S. Attorney Kevin O'Regan
Federal Building & Courthouse
1550 Main Street
Springfield, MA  01103

_____
David J. Wenc, Esq.