```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          CRIM. NO.  02-030043-MAP

        Plaintiff,

vs.

IVAN TELEGUZ,

        Defendant.                 December 6, 2004
```

## MOTION TO SUPPRESS SECRET RECORDINGS
## W/POINTS & AUTHORITIES

NOW COMES the Defendant, IVAN TELEGUZ, by and through his attorney, David J. Wenc, and moves this Honorable Court, pursuant to Rules 12 of Fed.R.Crim.P. to suppress the statements purportedly made by the defendant and labeled by the government as: 1D12 (2 tapes), 1D81, 1D82, 1D83, 1D84, 1D85, 1D90, 1D91, 1D93, 1D99, 1D103, 1D105, 1D106, 1D107, and 1D109 for the following reason(s):

1. The defendant is charged with Conspiracy to Deal Firearms Without A License in violation of 18 U.S.C. Sections 371 and 922(a)(1)(A); Conspiracy to Possess Firearms With Obliterated Serial Numbers in violation of 18 U.S.C. Sections 371 and 922(k); Possession of firearms With Obliterated Serial Numbers and Aiding and Abetting in violation of 18 U.S.C. Sections 922(k) and 2.

2. That the government's conduct violated the Defendant's constitutional right to be free from unreasonable searches and seizures pursuant to the U.S.

Constitution, Fourth Amendment as well as Federal Rule of Criminal Procedure 41(c) and 18 U.S.C. Sec. 2511(2)(c).

3. That the conversations seized by the government between the defendant, IVAN TELEGUZ and a cooperating witness (CW) were the result of illegal interceptions of oral communications for the following reasons:

A. The government has failed to produce any evidence that the CW gave prior consent to such an interception.

WHEREFORE, the defendant, IVAN TELEGUZ, prays that this Honorable Court will grant his Motion to Suppress Secret Recordings. This Motion is based on the Fourth Amendment to the United States Constitution, Rule 41(c), Federal Rules of Criminal Procedure, 18 U.S.C. Sec. 2511(2)(c), the attached Memorandum of Points and Authorities, exhibits, and any other oral and/or documentary evidence which may be adduced at the hearing on this motion.

### MEMORANDUM OF POINTS & AUTHORITIES

### I.

### STATEMENT OF FACTS

The CW secretly recorded conversations with the defendant. The tape recordings culminated in the arrest of TELEGUZ.

No FBI-302(s) have been produced containing any remarks by Special Agents that the conversations between the CW and TELEGUZ were "consensually recorded". The discovery produced to date omits any reference to a written consent form signed by the CW consenting to record the conversations.[1] In addition, there is no particularized statement from either a Special Agent or from the CW as to how "consent" was gained. Finally, there is no evidence that the Special Agents obtained FBI authorization for consensual eavesdropping as required by FBI, MIOG, Part II, Section 10-10.2(1), et seq.

## II.

### ARGUMENT

**A. THE DEFENDANT, IVAN TELEGUZ, HAS A STATUTORY RIGHT PURSUANT TO 18 USC SEC. 2511(2)(c) NOT TO HAVE HIS CONVERSATIONS INTERCEPTED WITHOUT CONSENT.**

18 USC SEC. 2511(2)(c) states, in relevant part: "It shall not be unlawful...for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication, or one of the parties to the communication has given prior consent to such interception."

---

[1] Execution of a "consent to monitor" form has been accepted by at least one court as proof of consent. U.S. v. Bastone, 526 F.2d 971, 977, (7th Cir. Ill. 1975), cert denied, 425 U.S. 973. Moreover, the FBI's "Manual of Investigative Operations and Guidelines" specifically states, ***"No exception should be made to executing and properly witnessing the consent form in the situation wherein an informant, a Special Agent or any other law enforcement officer is the consenting party."*** [Emphasis added] See, FBI, MIOG, Part II, Section 10-10.1(3).

3

In the case at bar, the government has failed to establish that one of the parties to the conversations between the CW and TELEGUZ had given prior consent.

There is no indication from the discovery supplied to date as to whether the police allowed the CW consultation with counsel before engaging in the secret recordings. Without an evidentiary hearing, it is virtually impossible to determine whether the CW's "consent" was involuntary because it was coerced.

### 1. <u>Fourth Amendment Application</u>

In <u>U.S. v. Bonanno</u>, 487 F.2d 654 (2d Cir. 1973), the Second Circuit held that even where inducements to cooperate have gone beyond a promise of immunity or leniency, an informer's consent has nonetheless been upheld as valid. While numerous federal courts have approved <u>Bonanno</u>, some courts have added caveats, e.g. <u>U.S. v. Kolodziej</u>, 706 F.2d 590, 593-595 (5th Cir. 1983), reh'g denied, 712 F.2d 975 (5th Cir. 1983) [improper coercion that goes substantially beyond suggestions of leniency, such as threats of prosecutorial action which had no realistic foundation, would invalidate consent].

Oregon's Supreme Court has rejected <u>Bonanno</u>, insisting instead on the same standard as governs consent searches. <u>State v. Dimeo</u>, 304 Ore. 469 (1987) [The refusal by police to allow the informer to make an informed decision after advice of counsel certainly constitutes additional evidence

4

that his ultimate decision to allow police to record his conversations with the defendant was involuntary].

At the very least, an evidentiary hearing with the CW as a witness should be held so that this Court can assess the voluntariness of the CW's "consent".

## III.

### CONCLUSION

Based upon the foregoing reasons, this Motion should be granted and the conversations of TELEGUZ with the CW, which were secretly monitored/recorded on an audiotape or over a transmitter, should be suppressed.

```
                              RESPECTFULLY SUBMITTED,
                              DEFENDANT, IVAN TELEGUZ,


                              By:
                              _____
                                   David J. Wenc, His
                                   Attorney
                                   WENC LAW OFFICES
                                   44 Main Street
                                   P.O. Box 306
                                   Windsor Locks, CT 06096
                                   860-623-1195
                                   BBO #549400
```

<u>CERTIFICATION</u>

    I hereby certify that on December 6, 2004 I served copy of the foregoing Motion by U.S. mail, first-class postage prepaid, to:

Assistant U.S. Attorney Kevin O'Regan
Federal Building & Courthouse
1550 Main Street
Springfield, MA  01103

                                               _____
                                               David J. Wenc, Esq.

Case 3:02-cr-30043-MAP    Document 107    Filed 12/05/2004    Page 7 of 8