**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,              CRIM. NO.  02-030043-MAP

      Plaintiff,

vs.

IVAN TELEGUZ,

      Defendant.                    December 6, 2004

**MOTION FOR SUPPRESSION OF STATEMENT**
**BY DEFENDANT, IVAN TELEGUZ**
**WITH POINTS & AUTHORITIES**

NOW COMES the Defendant, IVAN TELEGUZ, by and through his attorney, David J. Wenc, and moves this Honorable Court, pursuant to Rules 12 of Fed.R.Crim.P. to suppress the statement made by the defendant on January 28, 2004 in Portland, Oregon to government agents after his arrest in Gladstone, Oregon for the following reason(s):

1. The defendant is charged with Conspiracy to Deal Firearms Without A License in violation of 18 U.S.C. Sections 371 and 922(a)(1)(A); Conspiracy to Possess Firearms With Obliterated Serial Numbers in violation of 18 U.S.C. Sections 371 and 922(k); Possession of firearms With Obliterated Serial Numbers and Aiding and Abetting in violation of 18 U.S.C. Sections 922(k) and 2.

2. On or about January 28, 2004, Teleguz was arrested by SA David Sundberg of the FBI.  He was then transported

1

to the Portland FBI field office where he was photographed, fingerprinted and interrogated.  Teleguz was lodged at the Multnomah County Detention Center pending his appearance in the Federal District Court.  However, the discovery materials furnished to Teleguz do not indicate when he was presented before a magistrate.  Rule 4 of the Federal Rules of Criminal Procedure require that once a suspect is arrested he must be brought without unnecessary delay to the nearest available magistrate for an initial appearance.  See also, Rules 5(a) and 40(a) of the Federal Rules of Criminal Procedure.

3. Teleguz was interrogated at the Portland office of the FBI subsequent to his arrest in Gladstone.  The interrogating agents allege that Teleguz was advised of the identities of his interrogators and informed of the purpose of the interview.  In addition, he signed an "Advisement of Rights" form after he read it and after an agent read it to him.

### POINTS & AUTHORITIES

**"Unnecessary Delay" Violation**:    There was no indication from the discovery materials supplied that Teleguz was brought without unnecessary delay to the nearest available magistrate.  Rather, Teleguz's appearance before a magistrate was delayed so that government agents

2

could secure a statement from him.  Teleguz should have been presented before a magistrate after he was photographed and fingerprinted.  The delay necessitated by securing a statement was unnecessary and violated the requirements contained in Rules 4, 5(a) and 40(a) of the Federal Rules of Criminal Procedure.

An unnecessary delay between arrest and the initial appearance may violate "due process".  See, Baker v. McCollan, 434 U.S. 137, 145 (1979)(dictum).  What constitutes an "unnecessary delay" is determined in light of all the facts and circumstances of the case.  See, Fed. R. Crim. P., Rule 5 advisory committee's note (1944).  Courts consider the amount of time that passed, as well as how and why the delay occurred.  See, Mallory v. U.S., 354 U.S. 449, 455 (1957)(dictum).  In United States v. Alvarez-Sanchez, 511 U.S. 350, 358 (1994), the Supreme Court held that delay is usually measured from the time the suspect is arrested on federal charges until his initial appearance.

In the case at bar, the amount of time that passed is yet to be determined.  However, the delay appeared to occur so that the government agents could secure a statement from Teleguz.

The Supreme Court requires confessions to be excluded if obtained from the defendant during periods of

unnecessary delay prior to the initial appearance.  See, McNabb v. U.S. 318 U.S. 332, 341, 347 (1943). In general, a confession is admissible when the suspect received Miranda warnings prior to confessing.  See, Dickerson v. U.S., 530 U.S. 428, 434 (2000).  However, the requirement that the Miranda warnings be given does not dispense with the voluntariness inquiry.  See, Dickerson, 530 U.S. at 444.

**Voluntariness Under the Due Process Clause of the Fifth Amendment:**  In the case at bar, the government agents failed to accommodate Teleguz's Ukrainian background.  The government agents failed to explore how Teleguz's assimilation and acculturation impacted his ability to understand the American interrogation process, the Miranda warnings, and the voluntariness with which Teleguz gave a statement.  Language barriers, social isolation, discrimination, psychological problems[1], experience with the American criminal justice system[2], and other cultural differences had a bearing on Teleguz's ability to provide a voluntary statement to the government agents on January 28, 2004.

**Waiver of Miranda Rights:**  The same logic can be applied to assessing the validity of the waiver.  Courts

---

[1] See, U.S. v. Santos, 131 F.3d 16, 19 (1st Cir. 1997).
[2] See, U.S. v. Anderson, 929 F.2d 96, 97-99, 102 (2d Cir. 1991).

4

will look at the suspect's intelligence and education[3], his
familiarity with the criminal justice system[4], his physical
and mental condition[5] as well as language barriers[6].

WHEREFORE, defendant, IVAN TELEGUZ, requests that this
motion be granted, or in the alternative, that the Court
conduct a pretrial hearing outside of the presence of the
jury in accordance with 18 U.S.C. Section 3501.

                                    RESPECTFULLY SUBMITTED,
                                    DEFENDANT, IVAN TELEGUZ,


                                    By:
                                    _____
                                          David J. Wenc, His
                                          Attorney
                                          WENC LAW OFFICES
                                          44 Main Street
                                          P.O. Box 306
                                          Windsor Locks, CT 06096
                                          860-623-1195
                                          BBO #549400

---

[3] See, U.S. v. Rosario-Diaz, 202 F.3d 54, 69 (1st Cir. 2000).
[4] See, U.S. v. Palmer, 203 F.3d 55, 61 (1st Cir. 2000).
[5] See, U.S. v. Rosario-Peralta, 199 F.3d 552, 564 (1st Cir. 1999).
[6] See, U.S. v. Short, 790 F.2d 464, 469 (6th Cir. 1986).

**<u>CERTIFICATION</u>**

      I hereby certify that on December 6, 2004 I served copy of the foregoing Motion by U.S. mail, first-class postage prepaid, to:

Assistant U.S. Attorney Kevin O'Regan
Federal Building & Courthouse
1550 Main Street
Springfield, MA  01103

 

 

                              _____
                              \_
                              David J. Wenc, Esq.