**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,          CRIM. NO. 02-030043-MAP

    Plaintiff,

vs.

IVAN TELEGUZ,

    Defendant.                       December 6, 2004

### MOTION FOR SUPPRESSION OF VIDEOTAPE EVIDENCE BY DEFENDANT, IVAN TELEGUZ WITH POINTS & AUTHORITIES

NOW COMES the Defendant, IVAN TELEGUZ, by and through his attorney, David J. Wenc, and moves this Honorable Court, pursuant to Rules 12 of Fed.R.Crim.P. to suppress the evidence contained on videotapes for August 25, 2002 (2 tapes) and August 30, 2002 for the following reason(s):

1. The defendant is charged with Conspiracy to Deal Firearms Without A License in violation of 18 U.S.C. Sections 371 and 922(a)(1)(A); Conspiracy to Possess Firearms With Obliterated Serial Numbers in violation of 18 U.S.C. Sections 371 and 922(k); Possession of firearms With Obliterated Serial Numbers and Aiding and Abetting in violation of 18 U.S.C. Sections 922(k) and 2.

2. That the Government's conduct violated the Defendant's constitutional right to be free from unreasonable searches and seizures pursuant to the U.S.

1

Constitution, and Fourth Amendment as well as Federal Rule of Criminal Procedure 41(c); and

3. That the evidence seized by the Government via videotaped recordings on or about August 25, 2002 and August 30, 2002, were the result of an illegal search and seizure for the following reasons:

    A. Law enforcement agents' use of a video camera to conduct a surveillance of the defendant's "motor vehicle" and the curtilage of his "motor vehicle" without a court order constituted an illegal search under the fourth amendment.

WHEREFORE, the Defendant, IVAN TELEGUZ, prays that this Honorable Court will grant his Motion to Suppress Evidence. This Motion is based on the Fourth Amendment to the United States Constitution, Rule 41(c), the attached Memorandum of Points and Authorities, exhibits, and any other oral and/or documentary evidence, which may be adduced at the hearing on this motion.

### MEMORANDUM OF POINTS & AUTHORITIES

#### I.
#### ARGUMENT

**A. *The Government's Use of Silent Video Surveillance Failed to Comply with the Fourth Amendment.***

As a general rule, the use of silent video surveillance must comply with the Fourth Amendment. *See*, <u>U.S. v. Mesa-Rincon</u>, 911 F.2d 1433, at 1438 (10th Cir. 1990). *See also*, <u>U.S. v. Koyomejian</u>, 970 F.2d 536 at 541-42 (9th Cir. 1992). In the case of <u>U.S. v. Jackson</u>, 213 F.3d 1269 (10th Cir. 2000), Ms. Jackson, the defendant, argued that the use of a video camera installed on the telephone poles outside her home violated the Fourth Amendment because they were installed without a warrant. The issue addressed by the court was whether Ms. Jackson could claim the FBI violated her Fourth Amendment rights by using the video cameras to observe the activity occurring outside the house depended on whether Ms. Jackson had a reasonable expectation of privacy in the area viewed by the cameras. The court ruled that the video cameras installed on the telephone poles were <u>incapable</u> of viewing inside the house and were capable of observing only what any passerby would easily have been able to observe. Thus, Ms. Jackson had no reasonable expectation of privacy that was intruded upon by the video cameras. Therefore, the police officers did not have to obtain a search warrant before installing and utilizing the video camera.

In the case at bar, the facts are distinguishable from the <u>Jackson</u> case, supra. The video surveillance occurred

3

from a unique position. The surveillance position allowed the law enforcement agents to view Teleguz's motor vehicle. The position of the video camera permitted law enforcement with a view that was capable of observing alleged firearm transactions from "inside" the motor vehicle. In other words, the surveillance position permitted law enforcement the capability of viewing <u>inside</u> motor vehicle and the *curtilage* of the motor vehicle.

There is a "reduced expectation of privacy" in automobiles due to the "configuration, use and regulation of automobiles." See, <u>Arkansas v. Sanders</u>, 442 U.S. 753, 761 (1979) *overruled on other grounds by* <u>California v. Acevedo</u>, 500 U.S. 565 (1991). Nonetheless, the Supreme Court has held that a warrant was required to search a car in the driveway of a house under surveillance because circumstances did not suggest that obtaining a warrant was impractical. See, <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 460-62 (1971). See also, <u>Horton v. California</u>, 496 U.S. 128, 132 (1990).

In the case at bar, the videotape supplied by the government manifested an actual expectation of privacy. For example, the person alleged to be Teleguz can be seen retrieving a dark colored bag, which was secreted under the back seat area of the motor vehicle. Alleged firearm

4

transactions occurred "inside the curtiledge" area of the motor vehicle. The FBI did not allege the suspected firearm transactions took place in the middle of a public street or public sidewalk. As a matter of fact, the video camera had to use the "zoom lens" enhancement in order to view the activity. Law enforcement could not plainly view the activity with the naked eye. Each observation documented by the FBI manifested an expectation of privacy in the motor vehicle as well as the curtilage surrounding the vehicle. Therefore, a search warrant should have been required to conduct video surveillance because law enforcement's concerted effort to view what had tenaciously been protected as private, constituted a search. See, U.S. v. Cuevas-Sanchez, 821 F.2d 248, 251 (5th Cir. 1987)(Law enforcement agents' use of video camera to conduct surveillance of a fenced-in backyard constitutes an unreasonable search) *citing* U.S. v. Biasucci, 786 F.2d 504 (2d Cir. 1986).

  WHEREFORE, defendant, IVAN TELEGUZ, requests that this motion be granted, or in the alternative, that the Court conduct a pretrial hearing outside of the presence of the jury.

RESPECTFULLY SUBMITTED,
DEFENDANT, IVAN TELEGUZ,


By:
_____
   David J. Wenc, His
   Attorney
   WENC LAW OFFICES
   44 Main Street
   P.O. Box 306
   Windsor Locks, CT 06096
   860-623-1195
   BBO #549400




**CERTIFICATION**

   I hereby certify that on December 6, 2004 I served copy of the foregoing Motion by U.S. mail, first-class postage prepaid, to:

Assistant U.S. Attorney Kevin O'Regan
Federal Building & Courthouse
1550 Main Street
Springfield, MA   01103




_____
David J. Wenc, Esq.

6