UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     CRIM. NO. 02-030043-MAP

    Plaintiff,

vs.

IVAN TELEGUZ,

    Defendant.     December 28, 2004

REPLY TO THE GOVERNMENT'S RESPONSE TO PRETRIAL MOTIONS

**I**

**DISMISS THE INDICTMENT**

NOW COMES, the defendant, IVAN TELEGUZ, by and through his attorney, David J. Wenc, and replies to the government's opposition to dismiss Counts Four, Five and Six of the Second Superseding Indictment.

The government argues that 18 U.S.C. Section 922(k) requires proof that the firearms in question have traveled in interstate commerce and that the First Circuit has upheld Section 922(k) on interstate commerce grounds.

A look at the interstate commerce litigation surrounding 18 U.S.C. Section 922(g)(1) may be helpful here. In Scarborough v. United States, 431 U.S. 563, 575-578 (1977), the Supreme Court held that, in 18 U.S.C. § 1202(A)(1), a predecessor statute to 18 U.S.C. § 922(g)(1), "Congress intended no more than a minimal nexus requirement" to establish that a firearm was possessed "in commerce or affecting commerce." Id. at 577. Therefore, the Court held, all that the government was required to prove was that "the firearm has been, at some time, in interstate commerce."

Id. at 575. That conclusion has been applied to the felon-in-possession statute. See United States v. Blais, 98 F.3d 647, 649 (1st Cir. 1996).

The continued viability of that interpretation of the felon-in-possession statute is called into doubt by the Supreme Court's recent decisions in United States v. Lopez, 514 U.S. 549 (1995), United States v. Morrison, 529 U.S. 598 (2000), and Jones v. United States, 529 U.S. 848 (2000). In the latter case, the Court reversed a conviction under 18 U.S.C. § 844(i), which requires proof that the property that is the subject of arson or attempted arson be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce [.]" The Court held that the statute could not be used to prosecute the attempted arson of "an owner-occupied private residence." See id. at 854, 856. Relying on its earlier decision in Lopez, 514 U.S. 549 (1995), which held unconstitutional a statute criminalizing possession of a firearm near a school (without requiring explicit proof of an interstate nexus), the Court held that a narrow reading of the commerce element in the statute was necessary to avoid constitutional doubt. Id. at 857. Therefore, it concluded, "the provision covers only property currently used in commerce or in an activity affecting commerce." Id. at 859. In Morrison, the Court held that a statute providing a civil remedy for victims of gender-motivated violence was unconstitutional because it lacked a jurisdictional element requiring a showing of an effect on interstate commerce. In doing so, it "reject[ed] the argument that Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce. The Constitution

2

requires a distinction between what is truly national and what is truly local." Morrison, 529 U.S. at 617.

Scarborough is inapplicable because it interpreted a different, albeit nearly identical, statute on purely statutory grounds. The constitutional issue confronted in Jones, Lopez, and Morrison was neither discussed nor, apparently, raised. Moreover, the decision turned largely on the chronology of the defendant's possession of the firearm in relation to when he was convicted of a felony. See Scarborough, 431 U.S. at 575.

Here, the sole evidence regarding interstate commerce as it relates to 18 U.S.C. 922(k) is that the firearms, were manufactured outside Massachusetts.

Teleguz recognizes that this Court has rejected this argument, as have many other Courts of Appeal in the context of the felon-in-possession statute. See United States v. Weems, 322 F.3d 18, 26 (1st Cir.)(collecting cases), cert. denied, U.S. , 72 U.S.L.W. 3242 (2003). Teleguz nevertheless raises the argument on appeal to preserve the issue, in the event that the Supreme Court extends its interpretation of the Commerce Clause to require something more than the truly de minimis evidence of interstate commerce presented in this case. The logic behind the felon-in-possession statute analysis should apply to 18 U.S.C. Section 922(k) because the same theories of jurisdiction are used.

In the case at bar, the government represented that TELEGUZ on August 25, 2002, August 30, 2002 and October 3, 2002 possessed or received one or more firearms

with obliterated serial numbers.  Evidence of the connection of the firearms to interstate commerce is truly de minimis.

## II

### SUPPRESS PHOTO IDENTIFICATION

Teleguz has argued that the photographic arrays and photo spreads in and of themselves are impermissibly suggestive.  See, p. 12 of Teleguz's Motion.  Moreover, the arrays and/or spreads created likelihood that a mistaken identification will take place.

## III

### SUPPRESS STATEMENTS

Miranda is supposed to eliminate coercion and false confessions by vulnerable criminal suspects from the sophisticated official interrogator.  Language and culture play a critical role in determining the validity of a waiver.  If a person does not understand his rights due to language or cultural difficulties, or if his culture mandates that he comply with government authorities, then a Miranda waiver may be suspect.  Federal courts should use the "totality of circumstances" approach.  If the defendant signed a waiver, then was the waiver written in Teleguz's native language?  If Teleguz was advised of his rights, then was he advised in his native language?  Did the police make an effort to communicate the rights?  Did Teleguz understand his rights?  What was his cultural background?  What was his previous experience with the American criminal justice system?  In U.S. v. Nakhoul, 596 F. Supp. 1398 (D. Mass 1984), the court granted a defendant's motion to suppress statements where a Lebanese defendant's understanding of American Law, customs, and constitutional rights may have been too limited and warnings too inadequate to permit him from understanding his rights.

4

**IV**

**SUPPRESS VIDEOTAPE EVIDENCE**.

The videotapes do pierce inside portions of Teleguz's motor vehicle. Further, the police could not see the activity involving Mr. Teleguz without the assistance of visual enhancements.

WHEREFORE, the defendant, IVAN TELEGUZ, prays that his motions be granted.

                                RESPECTFULLY SUBMITTED,
                                DEFENDANT, IVAN TELEGUZ,


By: /s/ David J. Wenc, Esq.
     David J. Wenc, His Attorney
     WENC LAW OFFICES
     44 Main Street
     P.O. Box 306
     Windsor Locks, CT 06096
     860-623-1195
     BBO #549400


**CERTIFICATION**

I hereby certify that on December 28, 2004 I served a copy of the foregoing Motion by CMECF to all counsel of record, except Richard J. Maggi, who was served via U.S. mail, first-class postage prepaid, to:

Richard J. Maggi, ESQ.
73 Chestnut Street
Springfield, MA  01103


                                /s/ David J. Wenc, Esq.
                                David J. Wenc, ESQ.

6

Case 3:02-cr-30043-MAP     Document 120     Filed 12/28/2004     Page 7 of 7