### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,              CRIM. NO. 02-030043-MAP

       Plaintiff,

vs.

IVAN TELEGUZ,

       Defendant.              November 21, 2005

### MOTION IN LIMINE WITH POINTS & AUTHORITIES
### BY THE DEFENDANT, IVAN TELEGUZ

NOW comes the Defendant, IVAN TELEGUZ, by and through his attorney in the above-entitled case and moves the Court in limine for an order instructing the government to refrain from making any direct or indirect reference whatsoever in person, by counsel, or through witnesses, to the evidence hereinafter specified, on the following grounds:

    1.    **Prior Convictions:** Testimony that the defendant committed other crimes not charged in the indictment would not serve a proper purpose under FRE 404(b) because the defendant's prior convictions are not probative of intent, motive, knowledge, etc. Moreover, if the defendant does not testify at trial, then it would not be proper for the government to seek

1

admission of his prior convictions under FRE 609.

2.    **Prior or Unrelated Bad Acts:**  The government alleges that it seized 3 bags of "pirated" DVDs and 1 bag of DVD covers from the defendant's car at the time of arrest.  In addition, the government alleges that Michael Quickel, a co-defendant observed a BMW being worked on in a barn in Pennsylvania and that it appeared that the car was in the process of being "chopped". Notwithstanding this evidence, testimony that the defendant committed other bad acts not charged in the indictment would not serve a proper purpose under FRE 404(b) because the defendant's prior bad acts are not probative of intent, motive, knowledge, etc.

3.    **Evidence of Questionable Relevance:**  The government alleges that it seized cocaine from a co-defendant, Aleksei Safanov, on 6/25/02. The seizure of cocaine from Safanov has no probative value relating to the charges against the defendant.  See, FRE 401.  Testimony of a cocaine purchase by Safanov is more prejudicial than probative under FRE 403.

4.      **Evidence Whose Prejudice to the Defendant Outweighs Its Probative Value:** **(A)** The government alleges that the defendant and other co-defendants are members of Russian Organized Crime, the Russian Mafia and/or the Gerasimchuk Organization. Testimony that the defendant and/or co-defendants are members of any of these organizations would be more prejudicial than probative under FRE 403. **(B)** The government may elicit testimony from one or more of its witnesses that the instant investigation was "part of the ongoing ATF investigation into illegal firearm trafficking by Russian Organized Crime figures operating in Massachusetts and Pennsylvania". This "course of investigation" or "background information" evidence is not relevant to the issue of guilt or innocence and should be excluded. Second, this type of evidence is inadmissible hearsay despite the government's anticipated argument that it provides context for the police investigation. Finally, this type of evidence is more prejudicial than probative under FRE 403. **(C)** The government begins many of its

secret recordings with an introductory comment from either a law enforcement officer or the informer, Carlos Ortiz. These introductory comments state that the CW is about to make a controlled purchase of certain weapons at a certain location. Similar to the rationale stated above regarding "background information" and "course of investigation" evidence, the court should exclude these introductory comments because they are either irrelevant, hearsay and/or more prejudicial than probative.

**(D)** The government may present evidence of firearms with bayonets attached as well as a shotgun, which can be concealed, in a manner designed to provoke the passions of the jury. The defendant suggests that these pieces of evidence be presented in an objective manner. There should be no reference to or gesturing of the bayoneted weapons' use as an impaler or the shotgun's use as a concealed weapon. Defense counsel is unaware of any evidence, which supports a finding that the accused intended that the firearms with bayonets be used as an

impaling device or that the shotgun be used as a concealed weapon.

5. **<u>Co-conspirator Statements</u>:** The government seeks to introduce admissions of the defendant's alleged confederates as if the admissions were his own. Notwithstanding FRE 801(d) (2) (E), many of these so-called admissions are either not made "in the course of the conspiracy", or not made "in furtherance of the conspiracy". Defense counsel has been informed by the government that it intends to use all of the conversations between the 5 defendants and each other as well as those conversations with the informer, Carlos Ortiz. It is defense counsel's experience that this Court will not permit a pretrial hearing to determine the admissibility of co-conspirator statements. Instead, this Court allows the statements to be conditionally admitted upon the promise that the government will "connect them up" later. Defense counsel reserves the right to object to the admission of any of these statements at trial as well as to file a motion to strike and/or a motion for mistrial

at the close of the government's case and again
at the close of evidence as to whether the FRE
801(d)(2)(E) preliminary facts have been
established.

WHEREFORE, Mr. Teleguz prays that this Motion be granted
and respectfully requests a hearing at the appropriate time
on the admissibility of the proposed co-conspirator hearsay
evidence in order to present oral argument.

RESPECTFULLY SUBMITTED,
DEFENDANT, IVAN TELEGUZ,


By:  /s/ David J. Wenc
     David J. Wenc, His Attorney
     WENC LAW OFFICES
     44 Main Street
     P.O. Box 306
     Windsor Locks, CT 06096
     860-623-1195
     BBO #549400


CERTIFICATION

I hereby certify that on November 21, 2005 I served a
copy of the foregoing Motion by CMECF to all counsel of
record, except that a copy was mailed 1st class to:  Richard
J. Maggi, Esq., 73 Chestnut Street, Springfield, MA 01103.

/s/ David J. Wenc
David J. Wenc, Esq.