**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA                    DOCKET NO. 02-30043-MAP

V.

IVAN TELEGUZ                                November 21, 2005

### SUBMISSION OF PROPOSED JURY INSTRUCTIONS
### BY DEFENDANT IVAN TELEGUZ

NOW comes the defendant, IVAN TELEGUZ, and hereby submits proposed jury instructions for this Honorable Court to rule upon;

Furthermore, this defendant requests leave to offer additional instructions as may became appropriate in light of evidence adduced and arguments made at trial; and

This defendant will be addressing by separate submission objections to the government's proposed jury instructions to the extent that this defendant has such objections.

### PART 1: GENERAL INSTRUCTIONS

### 1.01. THE NATURE AND FUNCTION OF THE INDICTMENT

The defendant in this case has been charged in a second superseding indictment with one count of conspiracy to deal firearms without a license; one count of conspiracy to possess a firearm with an obliterated serial number and three counts of possession of a firearm with an obliterated serial number.

*Page 1 of 37*

There are [_____] defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count. In reaching your verdict, bear in mind that guilt is individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to a defendant on any count should not control your decision as to any other count. No other considerations are proper.

The defendant has pleaded not guilty to each charge. Consequently, the prosecution, in order to support a verdict of guilty as to the defendant, must prove each element of each of the charges beyond a reasonable doubt against the defendant. In a moment I will explain to you the elements of those offenses. However, before that, I instruct you that the indictment is not and may not be considered to be evidence supporting any of these elements. The indictment is merely a formal accusation and can in no sense be considered as proof of the defendant's guilt. No juror should permit himself or herself to be influenced against a defendant because of, or on account of, the indictment or because of a defendant having to stand trial here.

That a defendant has been accused and is on trial is not evidence of guilt, and you are not permitted to infer or speculate from this that a defendant is more likely to be guilty than innocent. *1 L. Sand, "Modern Federal Jury Instructions" (hereinafter "Sand"), Instruction.*

## 1.02. MULTIPLE COUNTS

The defendant is not on trial for any act or conduct not alleged in the indictment. The indictment contains a total of thirteen (13) counts. Each of these thirteen (13) counts charges a defendant with a separate offense or crime.

You must consider each count and the evidence related to it separately, and return a separate verdict of guilty or not guilty with respect to each count. The fact that you might find a defendant guilty or not guilty of one of the offenses charged should not affect your verdict on any other offense charged. *1 Devitt, et al, "Federal Jury Practice and Instructions," (4th Edition) Sec. 12.12* (hereinafter "Devitt").

## 1.03. THREE BASIC RULES IN CRIMINAL CASES

At the beginning of the case, I gave you some general rules about criminal trials. I will now restate them for you in more detail. There are three basic rules:

### 1.03.1. <u>Presumption of Innocence</u>

The first rule is that a defendant is presumed innocent unless and until proved guilty. This presumption of innocence alone is sufficient to acquit a defendant if the government has failed to prove the charge beyond a reasonable doubt. As I have instructed you, the indictment is an accusation, and only that; it is not proof of anything at all. A defendant is presumed innocent unless or until the jury decides, unanimously, that the prosecution has proved the defendant's guilt beyond a reasonable doubt.

This presumption was with the defendant when the trial began; it remains with him now as I speak to you, and it will continue with the defendant into your deliberations unless and until you are convinced that the prosecution has proven a defendant's guilt beyond a reasonable doubt. *See*, <u>*Taylor v.*</u> <u>*Kentucky*</u>, *436 U.S. 478, 479 n. 5 & 6 (1978).*

### 1.03.2. <u>Burden of Proof on Prosecution</u>

That brings me to the second rule. In a criminal case, the burden of proving guilt is on the prosecution. It has that burden throughout the entire trial. A defendant never has any burden to prove his innocence, to produce any evidence at all, or to testify. The law prohibits you from considering, in

arriving at your verdict that a defendant may not have testified.

The burden of proof on the prosecution in a criminal case is different from the burden of proof on a plaintiff in a civil case. In a civil case, the plaintiff (that is, the party that asserts a claim) need only prove his case by what is called the "preponderance of the evidence." This means that the plaintiff in a <u>civil</u> case must have more evidence than the defendant has. It is not enough in a criminal case for the prosecution simply to have more evidence than the defendant. In a criminal case, the prosecution must prove each element of a charged offense beyond a reasonable doubt.

### 1.03.3. <u>Proof beyond a Reasonable Doubt</u>

The third rule is that the prosecution must prove each element of the alleged crime beyond a reasonable doubt. I will explain those elements later in these instructions. A reasonable doubt is a doubt based on reason and common sense. This means that if, after you have considered all the evidence in this case, you have a doubt based on reason and common sense concerning the defendant's guilt, you must acquit. Reasonable doubt may arise from the evidence or from a lack of evidence in the prosecution's case. You may not convict on the basis of mere suspicion. On the other hand, the prosecution is not required to

prove guilt beyond all possible doubt. You may return a guilty verdict only if you find the evidence so convincing that an ordinary person would not hesitate to rely and act on it in the most important of his own affairs.

Remember that your verdict must be unanimous. That does not mean that if you take a vote and you are not unanimous you have reached a final decision one way or another. If at any time you do take an inconclusive vote -- a vote that is not unanimous -- your vote is just that: inconclusive. If you are not able to reach a unanimous vote on any count, you will not be able to check the verdict form at either "guilty" or "not guilty" In the event of an inconclusive vote, there would be no decision--that is, no verdict--and no report on the verdict form. The result is a so-called "hung jury", and another trial may be held before another jury in due course. *1 Devitt, et al. Sec. 12.10.*

## PART 2: CONCERNING EVIDENCE

### 2.01. STIPULATIONS

The evidence in this case may include facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You

must accept the stipulation as fact to be given whatever weight you choose.

### 2.02. IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You have heard evidence that before testifying at this trial, [witness] made a statement concerning the same subject matter as [his/her] testimony in this trial. You may consider that earlier statement to help you decide how much of [witness's] testimony to believe. If you find that the prior statement was not consistent with the [witness's] testimony at this trial, then you should decide whether that affects the believability of [witness's] testimony at this trial.

### 2.03. IMPEACHMENT OF WITNESS TESTIMONY BY PRIOR CONVICTION

You have heard evidence that [witness] has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

### 2.04. IMPEACHMENT OF DEFENDANT'S TESTIMONY BY PRIOR CONVICTION

You have heard evidence that the defendant was convicted of a crime. You may consider that evidence in deciding, as you do with any witness, how much weight to give the defendant's testimony. The fact that the defendant was previously convicted

of another crime does not mean that he committed the crime for which he is now on trial. You must not use that prior conviction as proof of the crime charged in this case.

## 2.05. WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the expert witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## 2.06. STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances

tending to corroborate or contradict the version of events described in the statement.

## 2.06.01. DEFENDANT'S CONFESSION

You heard testimony that the defendant made a statement to [e.g.: the FBI] concerning the crime that is charged in this case. When you consider this testimony, you should ask yourselves these questions:

First, did the defendant, Ivan Teleguz, say the things the witness told you the defendant said? To answer this question you must decide if the witness is honest has a good memory, and whether he accurately understood the defendant.

Second, if the defendant, Ivan Teleguz, did make the statement, was it correct? Here you must consider all of the circumstances under which the statement was made, including the defendant's personal characteristics, and ask yourselves whether a statement made under these circumstances is one you can rely on.

After you have answered these questions, you may rely on the testimony about the statement as much, or as little, as you think proper.

## 2.06.2. CONFESSION OF ONE DEFENDANT IN MULTIDEFENDANT TRIAL
### (To Follow Instruction 2.06.1 Immediately)

However, you may consider the statement of _____ only in the case against him and not in the case against the others.

What that means is that you may consider this statement against
_____, and rely on it as much or as little as you think
proper, but you may not consider or discuss it in any way when
you are deciding whether the government has proved, beyond a
reasonable doubt, that the other defendants, [give names],
committed the crime of _____. Please remember that.

### 2.06.3. <u>LACK OF RECORDED INTERROGATION</u>

The admission into evidence of any confession or statement
of a defendant that is the product of an unrecorded custodial
interrogation, or an unrecorded interrogation conducted at a
place of detention, needs to be evaluated with particular
caution [great care]. *See, Commonwealth v. DiGiambattista*, SJC-
09155, and August 16, 2004.


### 2.07. <u>MISSING WITNESS</u>

If it is peculiarly within the power of the government to
produce a witness who could give material testimony, or if the
witness would be favorably disposed to the government, failure
to call that witness may justify an inference that [his/her]
testimony would be unfavorable to the government. No such
inference is justified if the witness is equally available or
favorably disposed to both parties or if the testimony would
merely repeat other evidence.

**2.08. <u>WITNESS (NOT THE DEFENDANT) WHO TAKES THE FIFTH AMENDMENT</u>**

You heard [witness] refuse to answer certain questions on the ground that it might violate [his/her] right not to incriminate [him/herself]. You may, if you choose, draw an adverse inference from this refusal to answer and may take the refusal into account in assessing this witness's credibility and motives, but you are not required to draw that inference.

**2.09. <u>DEFINITION OF "KNOWINGLY"</u>**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

**2.10. <u>DEFINITION OF "WILLFULLY"</u>**

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law; not to act by ignorance, accident or mistake.

## PART 3: ELEMENTS OF THE CHARGED OFFENSES

### 3.01. COUNT ONE: THE INDICTMENT AND STATUTE

#### 3.01.1. THE NATURE OF THE OFFENSE CHARGED

Count One of the Second Superseding Indictment charges that from June 27, 2001 through October 3, 2002, within the Western District of Massachusetts and Pennsylvania, the defendant IVAN TELEGUZ conspired with others to deal firearms without a license.

#### 3.01.2 THE STATUTES DEFINING THE OFFENSE CHARGED

Sections 371 and 922(a) (1) (A) of Title 18 of the United States Code provide, in part, that:

[INSERT STATUTE]

#### 3.01.3 THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED

In order to sustain its burden of proof for the crime of conspiracy to deal firearms without a license as charged in Count One of the Second Superseding Indictment, the government must prove the following essential elements beyond a reasonable doubt.

The defendant, IVAN TELEGUZ, is accused of engaging in the business of dealing in firearms without having a dealer's license. It is against federal law to be in the business of dealing in firearms without a proper federal license. For you to

find IVAN TELEGUZ guilty of this crime, you must be convinced that the government has proved each of these things beyond a reasonable doubt:

First, that IVAN TELEGUZ was in the business of dealing in guns on [date]. By "business" I mean he was engaged in the activity of buying and selling guns from time to time and that his main reason for doing so was to make money.

Second, that IVAN TELEGUZ was not licensed under federal law to deal in guns at that time.

The defendant is accused of conspiring to commit a federal crime-specifically, the crime of dealing in firearms without having a dealer's license. It is against federal law to conspire with someone to commit this crime. For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

Third, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to [substantive crime]; and

Fourth, that the defendant, Ivan Teleguz, willfully joined in that agreement; and

Fifth, that one of the conspirators committed an overt act in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed-that is to say, with bad purpose, either to disobey or disregard the law---not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: intent to agree and intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions. You need not find that the defendant agreed specifically to or knew

about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime, and the commission of one overt act.

### 3.02. <u>COUNT TWO: THE INDICTMENT AND THE STATUTE</u>

#### 3.02.1 <u>THE NATURE OF THE OFFENSE CHARGED</u>

Count Two of the second superseding indictment charges that during June 27, 2001 and October 26, 2002 within the Western District of Massachusetts and in Pennsylvania, the defendant, IVAN TELEGUZ, conspired to possess firearms with obliterated serial numbers.

#### 3.02.2 <u>THE STATUTES DEFINING THE OFFENSE CHARGED</u>

Sections 371 and 922(k) of Title 18 of the United States Code provide, in part, that:

[INSERT STATUTE]

#### 3.02.3 <u>THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED</u>

In order to sustain its burden of proof for the crime of conspiracy to possess firearms with obliterated serial numbers as charged in Count Two of the Second Superseding Indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One*, that defendant knowingly possessed the firearm [ammunition] described in the indictment. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive.

The term "firearm" also includes the frame or receiver of any such weapon.

*Second* that the firearm was connected with interstate [foreign] commerce. This means that the firearm [ammunition], at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession. Possession also includes both sole and joint possession. If one person alone has actual or

constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

*Third*, that the manufacturer's serial number was obliterated.

*Fourth*, [INSERT CONSPIRACY CHARGE CONTAINED SUPRA].

### 3.03. <u>COUNTS 4, 5 & 6: THE INDICTMENT AND THE STATUTE</u>

#### 3.03.1 <u>THE NATURE OF THE OFFENSE CHARGED</u>

Counts Four, Five & Six of the second superseding indictment charges that during June 27, 2001 and October 26, 2002 within the Western District of Massachusetts and in Pennsylvania, Defendant IVAN TELEGUZ, possessed firearms with obliterated serial numbers and/or aided and abetted.

#### 3.03.2 <u>THE STATUTES DEFINING THE OFFENSE CHARGED</u>

Sections 2 and 922(k) of Title 18 of the United States Code provide, in part, that:

[INSERT STATUTE]

### 3.03.3 <u>THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED</u>

In order to sustain its burden of proof for the crime of conspiracy to possess firearms with obliterated serial numbers as charged in Counts 4, 5 and 6 of the Second Superseding Indictment, the government must prove the following essential elements beyond a reasonable doubt:

*One,* that the defendant knowingly possessed the firearm [ammunition] described in the indictment. The term "firearm" means any weapon which will, or is designed, or may readily, be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.]

*Second that* the firearm was connected with interstate [foreign] commerce. This means that the firearm [ammunition], at any time after it was manufactured, moved from one state to another [or from a foreign country into the United States]. The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal

ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession. Possession also includes both sole and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

*Third,* that the manufacturer's serial number was obliterated.

*Fourth,* to "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of

the underlying criminal act and intended to help him/her. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done-that is to say with bad purpose, either to disobey or disregard the law.

### 3.04. ENTRAPMENT

The defendant in this case, Ivan Teleguz, is on trial for _____. You have heard evidence [e.g.: that government agents persuaded the defendant to sell the guns and he had never previously sold guns]. To consider that evidence, you need to understand a legal term that we call "entrapment." Even though the defendant may have sold the guns, as charged by the government, if it was the result of entrapment then you must find him not guilty. Government agents entrapped the defendant if three things occurred:

First, the idea for committing the crime came from the

government agents and not from the person accused of the crime.

Second, the government agents then persuaded or talked the defendant into committing the crime. Simply giving the defendant the opportunity to commit the crime is not the same as persuading him to commit the crime.

And third, the defendant was not ready and willing to commit the crime before the government agents spoke with him. Consider all of the facts when you decide whether the defendant would have been ready and willing to commit the crime without the actions of the government agents.

On the issue of entrapment, as on other issues, the government must convince you beyond a reasonable doubt that the defendant was not entrapped by government agents.


## PART 4:   FINAL INSTRUCTIONS: GENERAL CONSIDERATIONS


### 4.01. DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case

solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return. That is a matter entirely for you to decide.

### 4.02. DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

The defendant has a Constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

#### 4.02.1. DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES
[TO BE GIVEN IF THE DEFENDANT DOES TESTIFY]

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case. You should not disregard or disbelieve his testimony simply because he is

charged as a defendant in this case. *1 <u>Sand</u>, Instruction 7-4.
See, <u>United States v. Dwyer</u>, 843 F.2d 50, 63 (1st Cir. 1988). 1
<u>Devitt</u>, et al, "Federal Jury Practice and Instructions", Sec.
15.12.*

## 4.03. <u>WHAT IS EVIDENCE; INFERENCES</u>

The evidence from which you are to decide what the facts
are consists of sworn testimony of witnesses, both on direct and
cross-examination, regardless of who called the witness; the
exhibits that have been received into evidence; and any facts to
which the lawyers have agreed or stipulated. A stipulation means
simply that the government and the defendant accept the truth of
a particular proposition or fact. Since there is no
disagreement, there is no need for evidence apart from the
stipulation. You must accept the stipulation as fact to be given
whatever weight you choose.

Although you may consider only the evidence presented in
the case, you are not limited in considering that evidence to
the bald statements made by the witnesses or contained in the
documents. In other words, you are not limited solely to what
you see and hear as the witnesses testify. You are permitted to
draw from facts that you find to have been proven such
reasonable inferences, as you believe are justified in the light
of common sense and personal experience.

### 4.03.1. DEFENDANT'S PHOTOGRAPHS, "MUG SHOTS": NO INFERENCE TO BE DRAWN FROM POLICE POSSESSION

You will recall that one of the witnesses in this trial, Michael Quickel, testified that he viewed a photograph of the defendant which was shown to him by the police. The police collect pictures of many people from many different sources and for many different purposes. The fact that the police had the defendant's picture does not mean that he committed this or any other crime.

### 4.04. KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### 4.05. CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the

nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

### 4.05.1 TESTIMONY OF ACCOMPLICE OR OTHER WITNESS TESTIFYING IN EXCHANGE FOR IMMUNITY OR REDUCED CRIMINAL LIABILITY: CAUTIONARY INSTRUCTION

#### Evaluating Particular Kind of Evidence

You have heard the testimony of _____. He is providing evidence for the government in exchange for a promise from the government that [e.g.: he will not be prosecuted for the things he is testifying about; the prosecution will recommend lenient treatment in his own case]. He told the government what he would testify to in exchange for this promise.

The government may present the testimony of someone who has been promised favorable treatment in his own case in exchange for his testimony. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of _____ with more caution than the testimony of other witnesses. He may have had reason to make up stories or exaggerate what others did because he wanted to strike a good bargain with the government about his own case. In deciding whether you believe _____'s testimony, you should keep these comments in mind.

### 4.05.2 TESTIMONY OF PAID INFORMER: CAUTIONARY INSTRUCTION

You have heard the testimony of Carlos Ortiz. He has an arrangement with the government under which he gets paid for providing information about criminal activity. The government may present the testimony of such a person. Some people who get paid for providing information about criminal activity are entirely truthful when testifying. Still, you should consider the testimony of Carlos Ortiz with more caution than the testimony of other witnesses. Since he may believe that he will continue to be paid only if he produces evidence of criminal conduct, he may have reason to make up stories or to exaggerate what others did. In deciding whether you believe Carlos Ortiz's testimony, you should keep these comments in mind.

## 4.06. <u>CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE</u>

A particular item of evidence is sometimes received for a limited purpose only. That is, you can use it only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

### 4.06.1 <u>USE OF TAPES AND TRANSCRIPTS</u>

At this time you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not

the transcripts.

### 4.07. WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which

heard only the government's side of the case. I caution you, as I have before, that the fact that the defendant has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this Court. The indictment proves nothing.

### 4.08. <u>GOVERNMENT AS A PARTY</u>

You are to perform your duty of finding facts without bias or prejudice as to any party. You are to perform your duty in an attitude of complete fairness and impartiality case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded any other party to litigation By the same token, it is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice. *1 Sand, Instruction 2-5.*

### 4.09. <u>TESTIMONY OF LAW ENFORCEMENT WITNESSES</u>

You have heard the testimony of law enforcement agents. The fact that a witness may be employed by the federal, state or

local government as a law enforcement officer does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is our decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves. *1 Sand, Instruction 7-16.* <u>*United States v. Ouimette,*</u> *798 F.2d 47, 49 2d Cir. 1986), cert. denied, 109 S.Ct. 163 1988.*

### 4.09.1 <u>WIRETAPS, CONSENSUAL RECORDINGS: PROPRIETY OF EVIDENCE</u>

During this trial, you have heard recordings of conversations that the defendant had with Carlos Ortiz, a government agent, and others. These conversations were legally recorded by the government; they are a proper form of evidence for this trial and may be considered by you, just as any other evidence.

### 4.10. <u>FAILURE TO CONDUCT TESTS OR FOLLOW PROCEDURES</u>

The fact that certain tests were not conducted by the police department, any delay or inadequacy in the tests which were performed, or the failure to follow normal police

investigative, testing, preservative or reporting procedures are permissible grounds on which to build a defense and may raise reasonable doubts in your minds as jurors. If you determine that it would be expected, in the normal course of events, to perform such tests, or preserve documentation thereon, and the prosecution failed to fulfill its responsibility, then you may draw a negative inference from such failure. You have heard evidence of the omission (or deviation, failure or other act that has been established through witness examination based on the investigation or review of departmental policies and procedures. You may infer that such tests, if properly conducted, would have resulted in evidence favorable to the defendant. *Commonwealth v. Reid,* 29 Mass.App.Ct. 537, 540-41, 562 N.E.2d 1362, 1365 1990); *Commonwealth v. Bowden*, 379 Mass. 472, 486, 399 N.E.2d 482 (1980); *Commonwealth v. Benoit*, 382 Mass. 210, 220-21, 415 N.E.2d 818 (1981). See also, *Commonwealth v. Franklin*, 366 Mass. 284, 292, 318 N.E.2d 469 (1974).

For example: you have heard evidence that the police officers and/or ATF/FBI/DEA agents failed to:

[INSERT FAILURES].

Based upon these failures [omissions or deviations], you may draw a negative inference against the prosecution.

*Page 32 of 37*

## 4.11. CREDIBILITY OF WITNESSES - INCONSISTENT STATEMENT - (FALSUS IN UNO FALSUS IN OMNIBUS)

The testimony of any witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements, which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements. A person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves. *1 Devitt, et al* Sec. 15.06.


## PART 5: FINAL INSTRUCTIONS: DELIBERATIONS AND VERDICTS


### 5.01. FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

## 5.02. CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

## 5.03. REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so

conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

### 5.04. <u>RETURN OF VERDICT FORM</u>

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to

you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## 5.05. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

RESPECTFULLY SUBMITTED,
DEFENDANT, IVAN TELEGUZ,


By: /s/ David J. Wenc
    David J. Wenc, His Attorney
    WENC LAW OFFICES
    44 Main Street
    P.O. Box 306
    Windsor Locks, CT 06096
    860-623-1195
    BBO #549400

### CERTIFICATION

I hereby certify that on November 21, 2005 I served a copy of the foregoing Motion by CMECF to all counsel of record, except that a copy was mailed 1st class to: Richard J. Maggi, Esq., 73 Chestnut Street, Springfield, MA 01103.


/s/ David J. Wenc
David J. Wenc, Esq.