IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,           CRIM. NO. 02-30043-MAP

      Plaintiff,

V.

IVAN TELEGUZ,

      Defendant.                    JANUARY 12, 2006


DEFENDANT, IVAN TELEGUZ'S,
MOTION FOR A NEW TRIAL WITH POINTS & AUTHORITIES

    NOW comes the defendant, IVAN TELEGUZ, by and through his attorney, DAVID J. WENC, and respectfully moves this Honorable Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial. In support of his motion, defendant states as follows:

    1. Rule 33 of the Federal Rules of Criminal Procedure provides for a new trial motion "if required in the interest of justice." A new trial must be granted when the verdict is contrary to the weight of the evidence and allowing the verdict to stand would result in a miscarriage of justice. *United States v. Indelicato*, 611 F.2d 376 (1st Cir. 1979).

    2. Defendant was on trial before this Court and a jury on December 14, 2005 pursuant to which the jury returned verdicts of guilty as to the Second Superseding Indictment.

    3. Defendant, TELEGUZ, has concomitantly filed with this Court a Motion (with Points & Authorities) For Judgment of Acquittal, which he incorporates by reference hereto.

4. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, the defendant moves this Court for a new trial. The defendant has not been able to obtain and review a complete Transcript of Proceedings and, therefore, submits the instant motion due to the time constrictions as set. Accordingly, the defendant does not waive any error that may appear from a review of the complete Transcript of Proceedings.

5. The defendant contends that the Court erred during the course of the trial. The errors included but were not limited to, the court's refusal to instruct the jury on the defense of entrapment; the refusal of the Court to preclude co-conspirator statements, especially when the Court made no determination of a conspiracy pursuant to <u>United States v. Petrozziello</u>, 548 F.2d 20, 23 (1st Cir. 1977); the refusal of the court to permit defense counsel to argue a defense of entrapment during the defense closing; and court rulings on the defendant's pretrial/in limine motions.

6. The defendant contends that he is entitled to a new trial based on the weight of the evidence. TELEGUZ requests that this Court grant him a new trial on any count of the Second Superseding Indictment that the Court concludes is unsupported by sufficient evidence. It is well established that a district court enjoys greater authority to grant a new trial based on the weight of the evidence than it does to enter a judgment of acquittal based on the insufficiency of the evidence. *See generally* <u>Tibbs v. Florida</u>, 457 U.S. 31, 38-39 nn.11-12 (1982); *3 C. Wright, Federal Practice and Procedure: Criminal §553 (2d ed. 1982)*. In

considering a motion for a new trial, "the Court need not accept the evidence in the light most favorable to the government, * * * may weigh the testimony and may consider the credibility of the witnesses." *United States v. Edmonds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991). "If the court concludes that, 'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.'" *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). Moreover, whereas appellate review of the granting of a post trial motion for judgment of acquittal is de novo (*United States v. Singleton*, 702 F.2d 1182, 1183 (D.C. Cir. 1983) (en banc)), the decision to grant a new trial based on the weight of the evidence is committed to "the sound discretion of the trial court" and is reviewed only for "a clear abuse of that discretion" (*Martinez*, 763 F.2d at 1312; see *Lincoln*, 630 F.2d at 1319)).

    A.    Such relief ordinarily is granted when "the credibility of the government's witnesses ha[s] been impeached and the government's case ha[s] been marked by uncertainties and discrepancies." *Martinez*, 763 F.2d at 1313; accord *Edmonds*, 765 F. Supp. at 1119; *United States v. Simms*, 508 F. Supp. 1188, 1207-08 (W.D. La. 1980). This was precisely the situation here. Michael Quickel was supposed to be one of the government's main witnesses in establishing

a conspiracy. However, the government neglected to produce any evidence that Quickel knew that Teleguz was reselling the guns purchased by Quickel.

    B.    The Court may reweigh all the testimony and need not view the evidence in the light most favorable to the Government (see *Edmonds*, 765 F. Supp. at 1119).

    C.    If "there is even the slightest chance that a miscarriage of justice may have occurred," or if "there is any doubt that the evidence fully supports a jury determination, a new trial is the appropriate remedy to insure defendant the full extent of his rights." *Simms*, 508 F. Supp. at 1207-08. Because the evidence in this case was marked by uncertainties and discrepancies and was simply inconclusive even when taken in its best light, the chances of a miscarriage of justice in this case are much more than slight. Accordingly, if this Court concludes that the evidence is sufficient to support conviction for purposes of Rule 29, it should "in the interest of justice" (Fed. R. Crim. P. 33) order a new trial on one or more counts.

7. A new trial would be in the interests of justice because allowing the present conviction to stand would constitute a miscarriage of justice.

WHEREFORE, for all of the above reasons, defendant, IVAN TELEGUZ, submits he is entitled to a new trial.

>Respectfully Submitted,
>
>DEFENDANT, IVAN TELEGUZ,
>
>
>By: /s/ David J. Wenc
>    David J. Wenc, His Attorney
>    WENC LAW OFFICES
>    44 Main Street
>    Windsor Locks, CT 06096-0306
>    Tel. (860) 623-1195
>    BBO# 549400

**CERTIFICATION**

    I hereby certify that on January 12, 2006, I served a copy of the foregoing motion via CMECF, to all counsel of record.

>/s/ David J. Wenc
>David J. Wenc, ESQ.