UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
            v.              )  02-CR-30043-MAP
                            )
IVAN TELEGUZ,               )
            Defendant       )


          MEMORANDUM AND ORDER REGARDING ATTORNEY'S FEES

                          July 10, 2006

PONSOR, U.S.D.J.

    Defendant's counsel has filed an application for an award of fees pursuant to the Criminal Justice Act, in the amount of $29,978.83. While the court will approve this excess fee in general, it has deducted from the fee the amount of $3,884.48, based upon counsel's untimely demand for a Ukranian translator.

    The background of the court's decision is as follows. Prior to the trial, counsel informed the court that his client would need simultaneous Russian translation of the entire court proceeding. With this in mind, the court had two Russian translators available to work as a team to ensure that all the proceedings were translated.

    Immediately before trial was scheduled to start,

however, counsel for Defendant suddenly informed the court that Defendant would need a Ukrainian-speaking, not a Russian-speaking, translator. Counsel was unable to offer any adequate explanation for why, after months of preparation, he had only learned of his client's language at the very last minute. The request caused a delay of two days in the commencement of the trial while the clerk scrambled to locate a Ukranian-speaking translator who might be available on such short notice. Eventually, a translator was located in the state of Maine. In addition to the translation fee, the taxpayers were charged a per diem required as a result of the translator's long commute from Maine. The translator appeared in court during the nine days of the trial.[1]

---

[1] Not only did counsel's late request for a Ukrainian translator cause delay and additional costs, but it is doubtful that Defendant actually needed a translator at all. Under the court's observation, there was little, if any, verbal interchange of any kind between the translator and Defendant throughout the trial. According to the state court judge who presided over Defendant's subsequent capital trial in Virginia, Defendant never made use of his translator during those proceedings either.
   The decision to deduct $3,884.48 from counsel's fees relies on the untimeliness of counsel's request for a Ukrainian translator, and not on the fact that Defendant did not appear to need a translator at all. However, Defendant's

For the foregoing reasons, the court has deducted one-half of the amount ($7,768.96) that the clerk has informed the court was expended on the services of the translator from counsel's fee. The court will therefore recommend that the amount of the fee be $26,094.35. The court has approved the voucher in this amount. Apart from the issue of the translator, defense counsel did a reasonably competent job representing Defendant. The complexities of the case justify payment of a fee in excess of the normal ceiling.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge

---

failure to use the translator certainly suggests that counsel's late request certainly delayed the trial without justification.