UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,            CRIM. NO.02-30043-MAP

       Plaintiff,

V.

IVAN TELEGUZ,

       Defendant.                   July 15, 2006

MOTION FOR RECONSIDERATION

    NOW COMES, DAVID J. WENC, defense counsel for the defendant Ivan Teleguz, and moves this Honorable Court to reconsider its order charging defense counsel for half of the costs of the Ukrainian interpreter. Defense counsel acted diligently and appropriately and the penalty of charging him for half of the costs of the interpreter's fee is unwarranted.

BACKGROUND

    The court appointed defense counsel to represent Ivan Teleguz, who was charged with federal firearms offenses. In preparation for trial, defense counsel reviewed the discovery provided by the government, which included transcripts of intercepted telephone conversations. The discovery referred to a Russian organized crime investigation. The audio tapes of recorded conversations were translated from Russian to English. There was no reference to the Ukraine or the Ukrainian language. Defense counsel, not having traveled to Eastern Europe and not having been otherwise schooled in East European languages, was not aware that the language spoken in the Ukraine was anything but Russian.

    Defense counsel's direct contact with Teleguz in the months before trial was limited by circumstances beyond defense counsel's control. Immediately following the arraignment, Teleguz returned to his home in Oregon. He was then arrested on capital murder charges brought by the Commonwealth of Virginia. He was detained in Virginia until a few days before trial was to commence in the District of Massachusetts. Defense

counsel's contact with Teleguz was limited to telephone conversations until Teleguz arrived in Springfield days before trial. As soon as Teleguz arrived in the area, defense counsel met extensively with him to prepare for trial. The trial preparation did not alert defense counsel to any distinction between the Russian and Ukrainian languages.[1]

      While defense counsel was able to communicate with Teleguz in English, he was concerned about whether his client would be able to understand all of the trial court proceedings without an interpreter. At the arraignment, Teleguz was accompanied by his sister, who translated for her brother, in what appeared to defense counsel as the Russian language. Accordingly, defense counsel requested a Russian interpreter. Defense counsel felt "duty-bound" to secure the services of an interpreter for Teleguz for trial.  See, Committee for Public Counsel Services, "PERFORMANCE GUIDELINES", governing the Representation of Indigent persons in Criminal Cases, Section 1.3(l): "Where counsel is unable to communicate with the client because of language difficulties, the attorney shall take whatever steps are necessary to fully explain the proceedings.  Such steps would include obtaining funds for an interpreter to assist with pre-trial preparation, interviews, and investigation as well as in-court proceedings."

    At a status conference on November 28, 2005, defense counsel introduced Teleguz to the Russian translators provided by the Court. Teleguz told defense counsel that he did not understand the Russian translators but that he could understand a Ukrainian interpreter. Defense counsel immediately notified the Court of Teleguz's translation problem.  The Court continued jury selection, which was scheduled to start on November 29, 2005, in order to locate a Ukrainian interpreter.  At a November 29, 2006 status conference, the Court notified counsel that a Ukrainian interpreter had been located. The Court noted that it was aware of a difference between the Russian and Ukrainian languages.  The Court admonished defense counsel for having caused delay and inconvenience by not realizing a difference between the Russian and Ukrainian languages sooner and requested an apology.  Defense counsel did not apologize because he did not believe that he had acted in any improper manner.  Trial commenced on December 1, 2005 with jury selection.  The trial finished on December 15, 2005.  Teleguz rarely if ever used the translator at trial.

---

[1] Counsel understands that one or more of the co-defendants in this case received the services of Russian interpreters despite the fact that some of these co-defendants were not Russian.

Defense counsel was deeply troubled by the court's admonishment and requested, through the courtroom staff, an opportunity to meet with the court after the trial had concluded. The court did not grant defense counsel's request for a meeting.[2]

## ARGUMENT

The court faults defense counsel for delaying the trial by (1) not being aware that the defendant spoke Ukrainian rather than Russian;[3] and (2) requesting an interpreter when one was not needed.[4] Defense counsel respectfully submits that he appropriately discharged his duties to diligently represent his client and respect the integrity of the judicial process. He should not be penalized for those actions.

First, defense counsel appropriately requested an interpreter in the first instance. See, Committee for Public Counsel Services, "PERFORMANCE GUIDELINES", governing the Representation of Indigent persons in Criminal Cases, Section 1.3(l): "Where counsel is unable to communicate with the client because of language difficulties, the attorney shall take whatever steps are necessary to fully explain the proceedings.  Such steps would include obtaining funds for an interpreter to assist with pre-trial preparation, interviews, and investigation as well as in-court proceedings." In this case at bar, defense counsel communicated with his client in a non-court setting.  However, defense counsel noticed that Mr. Teleguz did not completely understand legal terminology.  Therefore, in an exercise of caution, defense counsel requested an interpreter to assist Mr. Teleguz in a courtroom setting.

Second, there was no reason for defense counsel to know that Teleguz required a Ukrainian interpreter rather than a Russian interpreter. Documents produced in discovery referenced a Russian organized crime investigation. The transcripts of audio tapes, which recorded conversations, referenced a translation from "Russian" to English.  Moreover, defense counsel's personal contact with the defendant was limited due to the fact that the defendant was

---

[2] The court's order to deduct monies from defense counsel's CJA invoice was issued without providing counsel notice or an opportunity to be heard beforehand.

[3] Defense counsel has not been able to locate any case law, statute, professional standard or practice guideline obligating him to parse the distinctions between languages such as Russian and Ukrainian when requesting the services of an interpreter.

[4] Defense counsel does not understand the court's comment that defendant's failure to use the interpreter suggests that the late request by defense counsel delayed the trial "without justification" since the court also states that its decision is not based on the fact that the defendant did not appear to need a translator at all.

being held in Virginia on capital murder charges.

Third, defense counsel was bound, as an advocate and officer of the court, to notify the court when Teleguz complained that he could not understand the court proceedings as translated by the Russian interpreter. It was only then, November 28, 2005, that defense counsel had any reason to believe that there was a distinction between the languages. Indeed, had defense counsel ignored his client's difficulty in understanding the Russian translator, the cost to the judicial system of appeals and habeas corpus proceedings based on claims that the defendant did not understand the proceedings would be far greater than the cost and inconvenience of the brief delay in locating a Ukrainian interpreter.

Finally, the Court itself had an active role to play in determining the need for an interpreter. The Court Interpreter's Act, 28 U.S.C. Section 1827 (d) affords the trial court discretion in determining the need for an interpreter. On November 28, 2005, the Court conducted no inquiry as to whether Mr. Teleguz was even entitled to the appointment of an interpreter pursuant to 28 USC 1827(d). This lack of inquiry continued throughout the remainder of the trial and sentencing despite the fact that this Court observed Mr. Teleguz not making use of the Ukrainian interpreter. Also see, U.S. v. Black, 369 F.3d 1171, 1175-1176 (10th Cir. 2004) (the district court did not err in refusing to appoint an interpreter to allow two witnesses to testify in the Navajo language.)

In sum, defense counsel firmly believes that he acted diligently and appropriately and that the penalty of charging him for half of the costs of the interpreter's fee is unwarranted. Defense counsel moves this Court to reconsider and to vacate its July 10, 2006 order as well as reinstate full payment for services rendered by defense counsel in this case. Also, defense counsel reiterates his previous requests for an opportunity to meet with the court in chambers in an effort to discuss this matter and to better understand the court's concerns.

        RESPECTFULLY SUBMITTED,
        DEFENDANT, IVAN TELEGUZ,


By: /s/ David J. Wenc
    David J. Wenc, His Attorney
    WENC LAW OFFICES
    44 Main Street
    P.O. Box 306
    Windsor Locks, CT 06096
    860-623-1195
    BBO #549400

## CERTIFICATION

    I hereby certify that on July 15, 2006, I served a copy of the foregoing Motion by CMECF to all counsel of record, except that a copy was mailed 1st class to: Richard J. Maggi, Esq., 73 Chestnut Street, Springfield, MA 01103.

        /s/ David J. Wenc
        David J. Wenc, Esq.